UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SAWAN KUMAR,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 6:26-CV-290-H

**ORDER**

Sawan Kumar entered the United States illegally two years ago. At that time, ICE issued Kumar a Notice to Appear, charging him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-4 at 2; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Kumar was then released on his own recognizance until July 30, 2026, when ICE re-detained him and placed him in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 1 ¶¶ 36–41. Before the Court is Kumar's habeas petition, which demands his immediate release or a bond hearing based on the Fifth Amendment. Dkt. No. 1.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also

considered hundreds of habeas petitions that sought relief on the same grounds raised in Kumar's petition, and it has determined that:

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

Kumar's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Kumar is not entitled to relief, the Court denies the petition. Dkt. No. 1. Kumar's motion for an order to show cause (Dkt. No. 4) is therefore denied as moot.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 183 F.4th 387. The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

So ordered on August 28, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE